**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-CV-60871-DAMIAN/STRAUSS**

**POWERSECURE, INC.,**

      Plaintiff,

v.

**TRUSTED TRANSFORMER**
**ENTERPRISE SOLUTIONS, LLC**
**and JACK ROBERTS,**

      Defendants.

_____/

## <u>ORDER GRANTING MOTION TO COMPEL</u>

THIS MATTER comes before the Court upon Plaintiff's Motion to Compel Defendant Jack Roberts's Responses to Post-Judgment Discovery [DE 17] (the "Motion"). District Judge Melissa Damian has referred the Motion to me for appropriate disposition. [DE 17] at 1. I have reviewed the Motion and the pertinent portions of the record. For the reasons stated below, the Motion is **GRANTED**.

Plaintiff filed this action in May 2025. *See generally* [DE 1]. After neither Defendant timely responded to the Complaint, Plaintiff moved for clerk's entry of default. [DE 8] at 2. The Clerk then entered default against Defendants. [DE 10] at 1. Later, Plaintiff moved for entry of final default judgment. [DE 13] at 9. Judge Damian granted the motion without holding an evidentiary hearing, concluding that Plaintiff submitted enough evidence to demonstrate an entitlement to $1,020,238.78 in damages from Defendants. [DE 14] at 7. Judge Damian also entered a separate final judgment that awarded Plaintiff $1,020,238.78 in damages (plus interest). [DE 15] at 1-2.

According to Plaintiff, on May 6, 2026, it served post-judgment discovery requests on Defendants. [DE 17] at 1; *see* [DE 16] at 1-2. Plaintiff states that the requests consisted of twenty interrogatories and five requests for production, all of which seek information related to Defendant Jack Roberts's assets. [DE 17] at 2. As indicated in the Motion, Roberts did not respond to the requests within thirty days of service of the requests, even though he had acknowledged receiving them. *Id.* at 3. In the Motion, Plaintiff now asks for the Court to compel Roberts to serve verified and complete responses to Plaintiff's First Set of Post-Judgment Discovery to Defendants, without objection and within fourteen days of the date of the Court's order. *Id.* at 4.

Plaintiff filed the Motion on June 22, 2026. *Id.* at 6. The certificate of service in the Motion indicates that Plaintiff served[1] the same on Roberts via email. *Id.* at 7. More than fourteen days have passed since the filing and service of the Motion, but Roberts has filed no response or opposing memorandum of law. Due to the lack of response, the Court will grant the Motion by default. *See* S.D. Fla. L.R. 7.1(c)(1) (providing that failure to file an opposing memorandum of law within fourteen days after service of a motion "may be deemed sufficient cause for granting the motion by default").

Additionally, a sufficient basis for granting the motion otherwise exists. Rule 69 of the Federal Rules of Civil Procedure states, "In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person— including the judgment debtor—as provided in these rules or by the procedure of the state where

---

[1] While it is unclear whether Roberts consented in writing to service by email, *see* Fed. R. Civ. P. 5(b)(2)(E), it appears that service of the Motion was not required anyway, *see* Fed. R. Civ. P. 5(a)(2) ("No service is required on a party who is in default for failing to appear."). While Rule 5(a)(2) also carves out an exception for "a pleading that asserts a new claim for relief against such a party," the Motion is not a pleading, *see* Fed. R. Civ. P. 7(a), and only seeks discovery information to aid in the collection of a judgment entered on already-existing claims for relief.

the court is located." Fed. R. Civ. P. 69(a)(2). The scope of post-judgment discovery under Rule 69(a)(2) is very broad. *See Republic of Argentina v. NML Cap., Ltd.*, 573 U.S. 134, 139 (2014); *Ghanan, LLC v. Palm Steak House, LLC*, No. 12-80762-CIV, 2021 WL 7540810, at *1 (S.D. Fla. June 7, 2021) ("The scope of discovery under Rule 69(a)(2) is constrained principally in that it must be calculated to assist in collecting the judgment." (quoting *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012))). If a party fails to respond to post-judgment discovery requests, the requesting party may move for a court order compelling responses after first attempting to confer with the non-producing party. *See* Fed. R. Civ. P. 37(a). Here, Plaintiff represents to the Court that the requests cover information "concerning Roberts's real property, bank accounts, income, investments, entity interests, and asset transfers." [DE 17] at 4. These topics fall under Rule 69(a)(2)'s broad scope. *See Ghanan*, 2021 WL 7540810, at *1. Plaintiff also attempted to confer with Roberts prior to filing the Motion. The certificate of conferral in the Motion states that "counsel for Plaintiff has conferred in good faith, or has made reasonable efforts to confer, with Defendant Jack Roberts in an effort to resolve the issues raised in this Motion without Court action. Despite these efforts, the parties were unable to resolve the dispute, necessitating the filing of this Motion." [DE 17] at 6.

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1.      The Motion [DE 17] is **GRANTED**.

2.      No later than **July 23, 2026**, Roberts shall serve verified, complete responses to Plaintiff's First Set of Post-Judgment Discovery to Defendants, without objections (except for those based on privilege).

3

3. No later than **July 10, 2026, at 5:00 PM**, Plaintiff shall serve a copy of this order on Defendants by certified mail or by process server, in addition to email (jack@ttesusa.com), and file a certificate of compliance with the Court.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 9th day of July 2026.

Jared M. Strauss
United States Magistrate Judge